UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GENIECESA HARRIS-GILCHREASE      CIVIL ACTION

VERSUS      NO. 24-357

CAPITAL ONE AUTO FINANCE      SECTION: "B" (3)

## ORDER AND REASONS

Before the Court is a Motion for Protective Order (R. Doc. 21) filed by Defendant Capital One Auto Finance ("Capital One"). *Pro se* Plaintiff Geniecesa Harris-Gilchrease submitted an untimely brief in opposition to the Motion[1] and Capital One has replied in its further support.[2] Considering the briefing of the parties and the prior submissions in this case, the Motion is granted in part and denied in part.

Capital One does not challenge this Court's prior ruling ordering it to produce certain documents.[3] Instead, Capital One requests that the Court issue a protective order that would allow it to designate certain documents as confidential.[4] Plaintiff disagrees that it is appropriate to designate certain hypothetical documents as confidential.[5] In addition, Plaintiff expresses concern that confidentiality designations will interfere with her ability to present evidence at trial.[6]

---

[1] R. Doc. 23.
[2] R. Doc. 25.
[3] *See* R. Doc. 17.
[4] R. Doc. 21-1 at 3–5.
[5] R. Doc. 23.
[6] *Id.*

1

Plaintiff's concerns are premature. The Court will enter a protective order, but doing so is not dispositive of whether a particular document is confidential. If the parties disagree about whether a particular document is confidential, they can meet and confer to address that disagreement, consistent with the terms of the protective order. If necessary, they can seek relief from the Court. At all stages, the burden of demonstrating that a document is confidential will remain on the designating party. Similarly, whether and how a particular document can be used, including at trial, will be subject to a later determination. In any event, whether a document is filed under seal remains subject to the Court's Local Rules and governing jurisprudence. A party's mere designation of a document as confidential, without more, is generally not enough to support sealing that document.

Given these considerations, the proposed protective order provided by Capital One requires further clarity relative to two issues: (1) the burden of persuasion remains on the designating party to demonstrate that a document is confidential, and (2) nothing in the protective order purports to affect the usual standard or procedure for filing a document under seal.

Accordingly,

**IT IS ORDERED** that the Motion (R. Doc. 21) is **GRANTED IN PART and DENIED IN PART**. The Court will enter an appropriate protective order, but the proposal submitted by Capital One requires revision.

**IT IS FURTHER ORDERED** that Capital One submit a revised proposed protective order on or before **November 1, 2024**. Capital One may either revise its

existing proposal consistent with the analysis above or submit a protective order that mirrors the preferred protective order used by Division 5 (available online at that Division's website).

New Orleans, Louisiana, this 22nd day of October, 2024.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE