UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GENIECESA HARRIS-GILCHREASE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-357** |
| **CAPITAL ONE AUTO FINANCE** | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court are defendant's motion to dismiss (Rec. Doc. 22), plaintiff's opposition (Rec. Doc. 24), and defendant's reply (Rec. Doc. 29). For the reasons discussed below,

**IT IS ORDERED** that defendant Capital One Auto Finance's motion to dismiss plaintiff's amended complaint (Rec. Doc. 22) is **GRANTED,** dismissing plaintiff's claims for breach of contract, fraud, violation of the Fair Credit Reporting Act, negligent infliction of emotional distress, and violation of the Louisiana Unfair Trade Practices and Consumer Protection Law against defendant Capital One Auto Finance are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions between parties are thereby **DISMISSED AS MOOT.**

### I. PROCEDURAL HISTORY AND FACTS OF THE CASE

Contending her vehicle's lienholder ignored a contract modification and began repossession procedures, plaintiff Geniecesa Harris-Gilchrease expressly brought her *pro se* complaint against defendant Capital One Auto Finance ("COAF") for breach of contract, fraud, intentional infliction of emotional distress, violations of the Fair Debt Collection Practices Act ("FDCPA"), and violations of the Fair Credit Reporting Act ("FCRA"). Rec. Doc. 1. This Court granted in part COAF's motion to dismiss, dismissing, with prejudice, plaintiff's claims based on intentional infliction of emotional distress, violations of the FDCPA, and detrimental reliance. Rec. Doc. 11 at 1. We granted plaintiff leave to file an amended complaint with respect to specific facts

1

supporting her claims of breach of contract, fraud, and violations of the FCRA. *Id.* Plaintiff amended her complaint within the time allowed. Rec. Doc. 15; Rec. Doc. 16. Defendant so replied. Rec. Doc. 29.

Plaintiff owed a monthly car note payment of $650.59, based on a written contract confected in June of 2020. Rec. Doc. 1 at 4; *see also* Rec. Doc. 5-2 at 2 (contract). Plaintiff avers parties agreed on November 1, 2023 to modify the contract to include new installment payments for the months of November and December of 2023 and January of 2024. *See* Rec. Doc. 1 at 4. In her amended complaint, plaintiff alleges that "[d]efendant was duty-bound to inform . . . plaintiff that any agreement entered with them outside of the original contract is not binding[,]" and that defendant "used fraudulent misrepresentation to induce . . . [p]laintiff into a payment plan that . . . [d]efendant knew at the time would not keep or bring her account current[.]" Rec. Doc. 16 at 2. Defendant now moves to dismiss plaintiff's amended complaint. Rec. Docs. 22 and 22-1. Plaintiff opposes, with a *pro se* response. Rec. Doc. 24.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2009)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (discussing Fed. R. Civ. P. 8(a)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S at 570. A complaint does not meet the plausibility standard "if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted) (citing *Twombly*, 556 U.S. at 555).

Although motions to dismiss are evaluated by the content in the complaint, the United States Supreme Court has described the extent of possible evidence: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quotations omitted); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009) (citing *Tellabs, Inc.*, 551 U.S. at 322).

### B. Louisiana Substantive Law

Although pursuing claims rooted in both state and federal law, plaintiff's complaint is centrally a breach of contract suit between parties with diverse citizenship. *See* Rec. Doc. 16 at 1 at 1. "A federal court sitting in diversity applies the substantive law of the forum state, in this case Louisiana." *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014). Thus, as to claims not implicating federal statutes, Louisiana substantive law applies.

### C. Standard for Pro Se Pleadings

It is long "axiomatic that courts are required to liberally construe pro se complaints." *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation omitted) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Such a construction looks to "the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it." *Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011). Accordingly, pro se filings are not evaluated for technical precision but are "so construed as to do substantial justice." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting (Fed. R. Civ. P. 8(f)); *see also Arredondo v. Univ. of Texas Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020) ("[W]e can consider a pro se litigant's non-complaint brief when the non-compliance did not prejudice the opposing party."). This measure has led courts to speculate on the true issues the pro se litigant is asserting. *See Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995) (finding the district court's speculative review to be overly narrow).

However, the pro se filer cannot rely on conclusory allegations nor avoid procedural requirements. *See Abram v. McConnell*, 3 F.4th 783, 787 (5th Cir. 2021); *Prince v. Digital Equip. Corp.*, 846 F.2d 1026, 102 (5th Cir. 1988); *Johnson v. Gonzalez*, 172 F.3d 869 (5th Cir. 1999).

Where a defendant seeks dismissal of a complaint, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted).

Here, we liberally evaluate plaintiff's complaint to find clear allegations of breach of contract, fraud, and violations of the Fair Credit Reporting Act. Additionally, plaintiff alleges there is a violation of the FDCPA. Rec. Doc. 16 at 6. However, this Court dismissed plaintiff's claims for intentional infliction of emotional distress, violations of the FDCPA, and detrimental reliance with prejudice. Rec. Doc. 11 at 1. Therefore, plaintiff's allegations relative to those claims are without merit. Furthermore, in plaintiff's opposition to the instant motion, she explicitly requests relief under the Louisiana Unfair Trade Practices and Consumer Protection Law (LUTPA). Rec. Doc. 24 at 1. Although not raised in her amended complaint, we liberally review plaintiff's complaint and find that she has failed to assert a claim under the LUTPA, no matter the failure to properly raise it in her amended complaint.

D. **Breach of Contract**

Under Louisiana law, a contract is "the law between the parties." *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988). Thus, interpretation of a contract is the quest to determine "the common intent of the parties." La. Civ. Code art. 2045. A provision within a contract is not interpreted in isolation but "in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. Civ. Code art. 2050. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. However, "when a contract is ambiguous, the trier of fact must resolve the factual issue of intent." *Keiland Constr., L.L.C. v. Weeks Marine,*

5

*Inc.,* 109 F.4th 406, 416 (5th Cir. 2024) (quotation cleaned up, citation omitted). As such, where a court must resolve contractual ambiguity, "judgment on the pleadings or summary judgment is improper." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007) (citation omitted). Nonetheless, where the contract provides only one reasonable interpretation based on "the general, ordinary, plain and popular meaning of the words used", the contract is unambiguous and is applied as a matter of law. *Prejean v. Guillory*, 38 So. 3d 274, 279 (La. 2010).

This Court permitted plaintiff to amend her complaint to provide a basis for her breach of contract claim. *See* Rec. Doc. 11 at 8. In granting permission to amend, we stated that "plaintiff must produce a written confirmation of an orally agreed-to contract modification." *Id.* at 8-9. Plaintiff has not produced such written confirmation in connection with her amended complaint nor in her opposition to the instant motion. We previously cautioned plaintiff that "[w]ithout such a written correspondence, this claim will be dismissed." *Id.*

Plaintiff's amended complaint restates her previous argument that defendant breached the parties' contract by defendant not exercising its right to repossess her vehicle, and then subsequently entering into a payment plan with her. *See* Rec. Doc. 16 at 6. Plaintiff contends that this payment plan, which she characterizes as a "new agreement," established a new contract between the parties, rendering the "original contract," void. *See id.* Plaintiff further avers that when defendant later reported her to all three major credit bureaus under the terms of the original contract, defendant breached parties' "new agreement," the payment plan. *Id.*; *See* Rec. Doc. 24 at 2. Plaintiff argues that COAF told her over phone that "as long as she had a payment plan in place," COAF would not repossess her vehicle. *See* Rec. Doc. 16 at 3; *see also* Rec. Doc. 5-3 at 4-7. However, as this Court has previously explained, had there been an oral modification to the parties' original contract, defendant would have provided plaintiff with "written confirmation" to that

6

effect. *See* Rec. Doc. 11 at 7. Here, plaintiff has failed to produce any written confirmation of any orally agreed-to contract modification. *See* Rec. Doc. 16 at 6; Rec. Doc. 24 at 2. Therefore, plaintiff's claim for breach of contract necessarily fails.

**E. Fraud**

In its motion to dismiss, defendant contends that plaintiff's fraud claim should be dismissed for three reasons. First, defendant contends that plaintiff's claim is preempted by the FCRA. *See* Rec. Doc. 22-1 at 9-10. In *Young v. Equifax Credit Information Services*, the Fifth Circuit held that the FCRA preempts state law claims unless the plaintiff consumer proves "malice or willful intent to injure" her. 294 F.3d 631, 638 (5th Cir. 2002) (preemption of defamation and negligent reporting claims); *see, e.g.*, *Fagan v. Lawrence Nathan Associates, Inc.*, 957 F. Supp. 2d 784, 800 (E.D. La. July 9, 2013) (preemption of tort claim). Plaintiff alleges that defendant COAF committed fraud by "deliberately misleading" her into believing that there was a modification of the "original contract" knowing that it had no intentions of honoring the payment plan entered into with her, and by assuring plaintiff that "as long as the payment plan was honored[,] her account was fine." Rec. Doc. 16 at 6. However, such vague facts do not rise to a malicious or willful intent to injure plaintiff. To the contrary, the writings referenced in plaintiff's amended complaint show that defendant clearly communicated the potential negative consequences if plaintiff missed or delayed payments. *See, e.g.*, *id.* at 2 ("If you are past due on your account, you may be assessed late fees and/or reported to the credit bureaus" for your records.); *see, e.g.*, *id.* at 3 ("Please remember, making your monthly payments in full and on time is important to avoid delinquency. If you are past due on your account, you may be assessed late fees and/or reported to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in

7

your credit report."). Because plaintiff has failed to plead specific facts evidencing defendant's "malice or willful intent" to injure her, it appears that the FCRA preempts plaintiff's fraud claim.

Second, defendant avers that plaintiff's fraud claim should be dismissed because her amended complaint does not plead fraud with the particularity required under Federal Rule of Civil Procedure 9(b). *See* Rec. Doc. 22-1 at 10-11. Federal Rule of Civil Procedure 9(b) requires that all claims of fraud be pled with particularity, specifically as to "the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009) (quotation cleaned up, citation omitted). As previously mentioned, plaintiff's fraud claim is preempted by the FCRA. However, should plaintiff's claim be considered independent from her claim under the FCRA, she has failed to plead the time, place, and contents of the alleged false misrepresentation, as well as what COAF obtained through the alleged misrepresentation with particularity. Therefore, plaintiff's fraud claim must be dismissed on this ground.

Third, defendant contends that plaintiff's fraud claim fails to adequately plead the elements of fraud under Louisiana law. *See* Rec. Doc. 22-1 at 11-13. "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. "Fraud may also result from silence or inaction." *Id.* The elements of a Louisiana fraud claim are: "(1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to the circumstance substantially influencing the victim's consent to (a cause of) the contract." *Jones v. Wells Fargo Bank, N.A.*, 626 F. App'x 500, 505 (5th Cir. 2015 (quoting *Shelton v. Standard/700 Assocs.*, 798 So. 2d 60, 64 (La. 2001)). Fraud is not actionable where "the party

8

against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill." La. Civ. Code art. 1954. This Court previously addressed plaintiff's arguments and found them to be without merit with regard to the "misrepresentation, suppression, or omission of truth" element of fraud. *See* Rec. Doc. 11 at 9-11. Unfortunately, plaintiff's amended complaint also fails to adequately plead this element. Under Louisiana law, special circumstances between borrower and lender must exist to give rise to a fiduciary duty. *See* Rec. Doc. 11 at 10 (citation omitted). Additionally, a writing is required to establish a financial institution's fiduciary status. *Id.* Plaintiff has failed to supplement her complaint with facts nor has she produced a writing demonstrating a fiduciary relationship between parties. Therefore, plaintiff's fraud claim must be dismissed on this ground. Construing plaintiff's pleadings liberally, we find that she has failed to adequately assert a claim of fraud against defendant for the above reasons.

### F. Fair Credit Reporting Act

The FCRA imposes duties on consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. *See* 15 U.S.C. § 1681 *et seq*. Although the FCRA does not precisely define "furnishers of information," "courts in the Fifth Circuit have defined the term broadly to mean an entity that transmits information concerning a particular debt owed by a particular consumer to a credit reporting agency." *Beard v. Experian Info. Sols. Inc.*, No. 23-1306, 2023 WL 8827762, at *4 (E.D. La. Dec. 21, 2023) (quotations cleaned up) (collecting cases).

Under the FCRA, a plaintiff may bring a private action against a furnisher of information where (1) the plaintiff disputed information on a report with a credit reporting agency, (2) the credit reporting agency notified the furnisher of information of the dispute, and (3) the furnisher of

information failed to conduct an investigation, correct inaccurate information, or notify the credit reporting agency of the results of the investigation. *See Hall v. LVNV Funding, L.L.C.*, 738 F. App'x 335, 335-36 (5th Cir. 2018) (quoting 15 U.S.C. § 1681s-2(b)(1)(A)-(E)).

Plaintiff alleges that defendant violated the FCRA because it reported inaccurate information regarding plaintiff's credit to three credit bureaus. Rec. Doc. 16 at 6. Before allowing plaintiff to amend her complaint, this Court stated that she was "permitted to amend her complaint with respect to specific facts of her dispute with a credit reporting agency and the agency's notification of defendant of the dispute—both before filing of this action. Without such factual support, this claim will be dismissed." Rec. Doc. 11 at 14. In her amended complaint, plaintiff does not provide evidence of her dispute with a credit reporting agency. *See* Rec. Doc. 16 at 7. Instead, plaintiff states "[d]efendant[] mailed out a delinquent notice on November 30, 2023, for two missed payments and never acted on the delinquency because the payment plan was in place." *See id.* at 7. Then, defendant reported plaintiff 30 and 60 days late after plaintiff paid the required amount on December 15, 2023. *See id.* at 7-8. It is plaintiff's belief that defendant COAF violated the FCRA when it wrongfully reported her account delinquent.

Under an FCRA claim, a plaintiff can only bring a private action after the plaintiff disputes the information on the report with a credit reporting agency. *See Hall*, 738 F. App'x at 335-36 (quoting 15 U.S.C. § 1681s-2(b)(1)(A)-(E)). Plaintiff does not state a plausible FCRA claim because she did not dispute the information on the report with a credit reporting agency. Furthermore, plaintiff does not provide any evidence that a credit reporting agency notified defendant of the dispute, which is the second element of an FCRA claim. Therefore, plaintiff's FCRA claim must be dismissed.

## G. Negligent Infliction of Emotional Distress ("NIED")

Having determined that plaintiff's state law claims are preempted by the FCRA. We nevertheless consider whether plaintiff states an independent claim for negligent infliction of emotional distress. Negligent infliction of emotional distress is not an independent tort under Louisiana law. *See Richardon v. Cella*, No. 12-1771, 2014 WL 12924980, at *1 (E.D. La. Mar. 10, 2014) (citing *Sucession of Harvey v. Dietzen*, 716 So. 2d 911, 916 (La. App. 4 Cir. 1998), *writ denied*, 728 So. 2d 391 (La. 1998) ("an *independent* tort of negligent infliction of emotional distress is not recognized"). In limited circumstances, however, a plaintiff can recover for negligently inflicted emotional distress without physical injury. *See Moresi v. State Through Dept. of Wildlife and Fisheries*, 567 So. 2d 1081, 1095-96 (La. 1990); *see also* La. Civ. Code art. 2315. These limited circumstances, however, all "have in common the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Moresi*, 567 So. 2d at 1096 (collecting cases). For example, negligent infliction of emotional distress has been awarded when a plaintiff watches their property get damaged, *see e.g.*, *Lambert v. Allstate Ins. Co.*, 19 So. 2d 698 (La. App. 1 Cir. 1967), or when a plaintiff experiences "fright or nervous shock" to the degree that they are "in great fear for [their] personal safety." *See e.g.*, *Cooper v. Christensen*, 212 So. 2d 154 (La. App. 4 Cir. 1968).

"To state a claim for negligent infliction of emotional distress, a plaintiff must allege the following elements: (1) that an independent, direct duty was owed to plaintiff by defendant; (2) that the duty afforded protection to plaintiff for the risk and harm caused; (3) that the duty was breached; and (4) that the mental anguish suffered by the plaintiff was genuine and serious." *Directv, Inc. v. Atwood*, No. 03-1457, 2003 WL 22765354, at *3 (E.D. La. Nov. 19, 2003) (citing *Bacas v. Falgoust*, 760 So. 2d 1279 (La. App. 5 Cir. 2000)). Plaintiff argues that defendant is liable

because of defendant's refusal to remove plaintiff's reported late payments to the credit bureau caused her to "lose funding" during her home-buying process. *See* Rec. Doc. 16 at 9. As mentioned, recovery for negligent infliction of emotional distress in Louisiana is narrow. Construing the complaint liberally, and in the light most favorable to plaintiff, her allegations fail to adequately plead negligent infliction of emotional distress. Plaintiff's inability to receive the money for her home is not within the realm "special circumstances" that demonstrate that her claim is not "spurious." Moreover, we have determined that defendant did not breach any duty owed to plaintiff under the terms of parties' contract. Therefore, plaintiff's claim does not plausibly state a claim for negligent infliction of emotional distress and her claim must be dismissed.

### H. Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA")

The LUTPA, or Louisiana Revised Statutes § 51:1401-1430, declare unlawful and provide a right of action for "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" La. Stat. Ann. § 51:1405. "A practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous or substantially injurious." *Mixon v. Iberia Surgical, L.L.C.*, 956 So. 2d 76, 80 (La. App. 3 Cir. 2007). A trade practice is 'deceptive' for LUTPA purposes when it amounts to fraud, deceit, or misrepresentation. *See id.* However, the LUTPA does not apply to "[a]ny federally insured financial institution, its subsidiaries, and affiliates[.]" La. Stat. Ann § 1406(1). "The history and intent behind the exemption in [§ 51:1406] is to avoid duplication and exclude financial institutions which are regulated by other authorities as to unfair or deceptive trade practices." *First Fin. Bank, FSB v. Butler*, 492 So. 2d 503, 506 (La. App. 5 Cir. 1986). Here, plaintiff has improperly raised a new claim under the LUTPA in her opposition. *See* Rec. Doc. 24. However, we construe plaintiff's *pro se* filing broadly and address the claim as if it were properly raised in her complaint. Plaintiff

12

alleges that defendant has violated the LUTPA because defendant told plaintiff her account would be current if she accepted the payment plan, and then later reported her account delinquent. Rec. Doc. 24 at 1. However, defendant is not liable under the LUTPA because defendant COAF is included under Capital One's subsidiaries and affiliates, and Capital One is a federally insured financial institution. Therefore, plaintiff's LUTPA claim must be dismissed. For the above reasons, it would be fruitless to allow a second amendment to cure deficiencies that the first amendment still contains.

    New Orleans, Louisiana this 9th day of December, 2024

*[signature]*

Senior United States District Judge